STATE OF ILLINOIS )
               )SS
COUNTY OF COOK )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| VIVIANA MALDONADO, and JORGE RODRIGUEZ, Individually and as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased,    )<br><br>Plaintiffs,    )<br><br>vs.    )<br><br>MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK d/b/a HAWTHORNE FAMILY HEALTH CENTER; THE UNITED STATES OF AMERICA; MARLENE O. GREEN, M.D.; IBRAHAM DOGAN, M.D. and CLARA LOPEZ, R.N.;    )<br><br>Defendants. | 08CV6141<br>JUDGE HIBBLER<br>MAGISTRATE JUDGE NOLAN<br>CH<br><br>Case No. 05 L 001091<br><br>PLEASE SERVE:<br><br>See attached service list |

### SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room 801, Chicago, Illinois 60602), within thirty (30) days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

SEP 2 5 2008

WITNESS, _____, 20____

JEFFREY M. GOLDBERG
  LAW OFFICES
20 North Clark Street
Suite 3100
Chicago, Illinois 60602
(312) 236-4146
Attorney No. 25399

_____
Clerk of the Court

Date of service: _____, 20___

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

EXHIBIT A

## SERVICE LIST

United States of America
c/o Patrick J. Fitzgerald
United States Attorney
Northern District of Illinois, Eastern Division
219 S. Dearborn St., 5th Floor
Chicago, IL 60604

Access Community Health Network
c/o Registered Agent: P. Matthew Glavin
180 South LaSalle, Suite 2002
Chicago, IL 60601

Dr. Marlene O. Green
5478 S. Greenwood Avenue
Chicago, IL 60615

EXHIBIT A

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS. |
| COUNTY OF COOK | ) |

**#25399**

FILED

2008 SEP 25 AM 2: 24

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| VIVIANA MALDONADO, and JORGE RODRIGUEZ, Individually and as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | Case No. 05 L 001091 |
| MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK d/b/a HAWTHORNE FAMILY HEALTH CENTER; THE UNITED STATES OF AMERICA; MARLENE O. GREEN, M.D.; IBRAHAM DOGAN, M.D. and CLARA LOPEZ, R.N.; | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## FOURTH AMENDED COMPLAINT AT LAW

### COUNT I - WRONGFUL DEATH

NOW COME the Plaintiffs, VIVIANA MALDONADO and JORGE RODRIGUEZ, as

Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE

RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW

OFFICES and complaining of the Defendants, MOUNT SINAI HOSPITAL MEDICAL

CENTER OF CHICAGO (hereinafter referred to as HOSPITAL), ACCESS COMMUNITY

HEALTH NETWORK d/b/a HAWTHORNE FAMILY HEALTH CENTER (hereinafter referred

to as ACCESS), THE UNITED STATES OF AMERICA (hereinafter referred to as THE

GOVERNMENT), MARLENE O. GREEN, M.D. (hereinafter referred to as GREEN) and

1

EXHIBIT A

IBRAHAM DOGAN, M.D. (hereinafter referred to as DOGAN), pleading hypothetically and in the alternative hereby state as follows:

1. That on May 7, 2004 and at all times pertinent hereto, Defendant HOSPITAL was a Corporation doing business in the City of Chicago, operating a general hospital providing medical and related services.

2. That at all times pertinent hereto, Defendant HOSPITAL had on its staff various physicians and nurses for the purposes of providing medical and related services.

3. That at all times pertinent hereto, Defendant HOSPITAL had a residency program providing training to obstetrics and gynecology residents.

4. That at all times pertinent hereto, Defendant ACCESS was a health network operating the Access Family Health Center in the City of Chicago, State of Illinois.

5. That at all times pertinent hereto, Defendant ACCESS had on its staff various physicians for the purposes of providing medical and related services.

6. That at all times pertinent hereto, Defendant ACCESS was a private entity receiving federal grant money and a deemed employee of Defendant THE GOVERNMENT.

7. That at all times pertinent hereto, Defendant ACCESS was acting within the course and scope of its employment of Defendant THE GOVERNMENT.

8. That at all times pertinent hereto, Defendant, GREEN was a physician duly licensed within the State of Illinois.

9. That at all time pertinent hereto, Defendant GREEN was a board-certified obstetrician/gynecologist.

10. That at all times pertinent hereto, Defendant GREEN was an agent of Defendant HOSPITAL.

2

EXHIBIT A

11.   That at all times pertinent hereto, Defendant GREEN was acting within the course and scope of her employment as an agent of Defendant HOSPITAL.

12.   That at all times pertinent hereto, Defendant GREEN was an employee of Defendant ACCESS.

13.   That at all times pertinent hereto, Defendant GREEN was acting within the course and scope of her employement with Defendant ACCESS.

14.   That at all times pertinent hereto, Defendant GREEN was a deemed employee of Defendant THE GOVERNMENT.

15.   That at all times pertinent hereto, Defendant GREEN was acting within the course and scope of her employment of Defendant THE GOVERNMENT.

16.   That at all times pertinent hereto, GREEN was an attending physician at HOSPITAL.

17.   That as an attending physician at HOSPITAL, GREEN was responsible for training residents.

18.   That as an attending physician at HOSPITAL, GREEN trained resident Defendant DOGAN.

20.   That as an attending physician at HOSPITAL, GREEN was responsible for overseeing residents.

21.   That as an attending physician at HOSPITAL, GREEN oversaw resident Defendant DOGAN.

23.   That as an attending physician at HOSPITAL, GREEN was responsbile for supervising residents.

24.   That as an attending physician at HOSPITAL, GREEN supervised resident Defendant DOGAN.

3

EXHIBIT A

25. That as an attending physician at HOSPITAL, GREEN was responsbile for the actions and inactions of residents under her supervision.

26. That as an attending physician at Hosptial, GREEN was responsible for the actions and inactions of resident Defendant DOGAN.

27. That at all times pertinent hereto, Defendant DOGAN was a physician duly licensed within the State of Illinois.

28. That at all times pertinent hereto, Defendant DOGAN was an obstetrics and gynecology resident.

29. That at all times pertinent hereto, Defendant DOGAN was an employee and/or agent of Defendant HOSPITAL.

30. That at all times pertinent hereto, Defendant DOGAN was acting within the course and scope of his employment and/or agency with Defendant HOSPITAL.

31. That at all times pertinent hereto, Defendant CLARA LOPEZ, R.N. (hereinafter referred to as LOPEZ) was a registered nurse licensed within the State of Illinois.

32. That at all times pertinent hereto, Defendant LOPEZ was an employee and/or agent of Defendant HOSPITAL.

33. That at all times pertinent hereto, Defendant LOPEZ was acting within the course and scope of her employment and/or agency on behalf of Defendant HOSPITAL.

34. That on May 7, 2004, VIVIANA MALDONADO was pregnant.

35. That on May 7, 2004, Plaintiff VIVIANA MALDONADO entered Defendant HOSPITAL for the purpose of delivering her child, STEPHANIE RODRIGUEZ.

36. That during the course of the aforementioned hospitalization, Plaintiff VIVIANA MALDONADO was examined by Defendant DOGAN.

4

EXHIBIT A

37. That during the course of the aforementioned hospitalization, Plaintiff VIVIANA MALDONADO was provided medical treatment by Defendant DOGAN.

38. That during the course of the aforementioned hospitalization, Plaintiff VIVIANA MALDONADO was examined by Defendant GREEN.

39. That during the course of the aforementioned hospitalization, Plaintiff VIVIANA MALDONADO was provided medical treatment by Defendant GREEN.

40. That during the course of the aforementioned hospitalization, Plaintiff VIVIANA MALDONADO received nursing care and attention from Defendant LOPEZ.

41. That the Defendants, HOSPITAL, ACCESS, THE GOVERNMENT, GREEN and DOGAN were then and there guilty of one or more of the following acts and/or omissions:

    a. Failed to correctly assess fetal size and pelvic disproportion;

    b. Failed to facilitate an appropriate immediate delivery in the presence of a non-reassuring fetal heart rate pattern;

    c. Attempted a vacuum extraction delivery at one plus station in a 5-feet-one-inch patient with a forty-seven pound weight gain and a narrow pubic arch;

    d. Failed to appropriately monitor the maternal-fetal dyad after the failed vacuum extraction attempt.

42. That on May 7, 2004 STEPHANIE RODRIGUEZ was born.

43. That on May 7, 2004 STEPHANIE RODRIGUEZ was injured.

44. That on May 10, 2004 STEPHANIE RODRIGUEZ died.

45. That the aforesaid death was a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants.

46. That STEPHANIE RODRIGUEZ left surviving heirs and next of kin.

47. That STEPHANIE RODRIGUEZ'S heirs and next of kin suffered pecuniary loss including loss of society and companionship as a result of the death of STEPHANIE RODRIGUEZ.

5

48. That this action is brought pursuant to the Illinois Wrongful Death Statute.

49. That attached to this Complaint is the affidavit of Plaintiffs' attorney pursuant to 735 ILCS 5/2-622.

50. That attached to this Complaint is a report from a healthcare provider pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiffs VIVIANA MALDONADO and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, pray for judgment against the Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK d/b/a HAWTHORNE FAMILY HEALTH CENTER; THE UNITED STATES OF AMERICA; MARLENE O. GREEN, M.D. and IBRAHAM DOGAN, M.D., and each of them, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation, plus costs.


## COUNT II – SURVIVAL ACTION

NOW COME the Plaintiffs, VIVIANA MALDONADO and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES and complaining of the Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO (hereinafter referred to as HOSPITAL); ACCESS COMMUNITY HEALTH NETWORK d/b/a HAWTHORNE FAMILY HEALTH CENTER (hereinafter referred to as ACCESS); THE UNITED STATES OF AMERICA (hereinafter referred to as THE GOVERNMENT); MARLENE O. GREEN, M.D. (hereinafter referred to as GREEN), and

EXHIBIT A

IBRAHAM DOGAN, M.D. (hereinafter referred to as DOGAN), pleading hypothetically and in the alternative hereby state as follows:

1. – 43. Plaintiffs adopt and re-allege paragraphs one (1) through forty-three (43) of Count I of this Complaint as paragraphs one (1) through forty-three (43) of Count II of this Complaint, as though fully set forth herein.

44. That the aforesaid injuries were the direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants.

45. From the date of her birth to the date of her death STEPHANIE RODRIGUEZ endured pain, suffering and loss of a normal life.

46. That this action is brought pursuant to the Illinois Survival Statute.

47. That attached to this Complaint is the affidavit of Plaintiffs' attorney pursuant to 735 ILCS 5/2-622.

48. That attached to this Complaint is the report of a health care provider pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiffs VIVIANA MALDONADO and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, pray for judgment against the Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK d/b/a HAWTHORNE FAMILY HEALTH CENTER; THE UNITED STATES OF AMERICA; MARLENE O. GREEN, M.D. and IBRAHAM DOGAN, M.D., and each of them, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation, plus costs.

EXHIBIT A

## COUNT III – WRONGFUL DEATH

NOW COME the Plaintiffs, VIVIANA MALDONADO, and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES and complaining of the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO (hereinafter referred to as HOSPITAL), pleading hypothetically and in the alternative hereby state as follows:

1. – 40. Plaintiffs adopt and re-allege paragraphs one (1) through forty (40) of Count I of this Complaint as paragraphs one (1) through forty (40) of Count III of this Complaint, as though fully set forth herein.

41.     That the Defendant HOSPITAL was then and there guility of one or more of the following additional acts and/or omissions:

      a. Failed to properly train residents, including DOGAN;

      b. Failed to properly oversee residents, including DOGAN; and

      c. Failed to properly supervise residents, including DOGAN.

42.     That on May 7, 2004 STEPHANIE RODRIGUEZ was born.

43.     That on May 7, 2004 STEPHANIE RODRIGUEZ was injured.

44.     That on May 10, 2004 STEPHANIE RODRIGUEZ died.

45.     That the aforesaid death was a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants.

46.     That STEPHANIE RODRIGUEZ left surviving heirs and next of kin.

47.     That STEPHANIE RODRIGUEZ'S heirs and next of kin suffered pecuniary loss including loss of society and companionship as a result of the death of STEPHANIE RODRIGUEZ.

EXHIBIT A

48.     That this action is brought pursuant to the Illinois Wrongful Death Statute.

49.     That attached to this Complaint is the affidavit of Plaintiffs' attorney pursuant to 735 ILCS 5/2-622.

50.     That attached to this Complaint is a report from a healthcare provider pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiffs VIVIANA MALDONADO and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, pray for judgment against the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation, plus costs.


## COUNT IV – SURVIVAL ACTION

NOW COME the Plaintiffs, VIVIANA MALDONADO, and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES and complaining of the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO (hereinafter referred to as HOSPITAL), pleading hypothetically and in the alternative hereby state as follows:

1. – 43. Plaintiffs adopt and re-allege paragraphs one (1) through forty-three (43) of Count III of this Complaint as paragraphs one (1) through forty-three (43) of Count IV of this Complaint, as though fully set forth herein.

44.     That the aforesaid injuries were the direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants.

EXHIBIT A

45.     From the date of her birth to the date of her death STEPHANIE RODRIGUEZ endured pain, suffering and loss of a normal life.

46.     That this action is brought pursuant to the Illinois Survival Statute.

47.     That attached to this Complaint is the affidavit of Plaintiffs' attorney pursuant to 735 ILCS 5/2-622.

48.     That attached to this Complaint is the report of a health care provider pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiffs VIVIANA MALDONADO and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, pray for judgment against the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation, plus costs.


## COUNT V - WRONGFUL DEATH

NOW COME the Plaintiffs, VIVIANA MALDONADO and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES and complaining of the Defendants, HOSPITAL and LOPEZ, pleading hypothetically and in the alternative hereby state as follows:

1. - 40. Plaintiffs adopt and re-allege paragraphs one (1) through forty (40) of Count I of this Complaint as paragraphs one (1) through forty (40) of Count V of this Complaint, as though fully set forth herein.

EXHIBIT A

41.    That the Defendants HOSPITAL and LOPEZ, and each of them, were then and there guilty of one or more of the following acts and/or omissions:

      a.     Failed to recognize a non-reassuring fetal heart rate pattern and institute appropriate nursing measures;

      b.     Failed to notify appropriate medical staff to assist in an operative delivery;

      c.     Failed to appropriately monitor the maternal-fetal dyad after the failed vacuum extraction attempt.

42.    That on May 7, 2004 STEPHANIE RODRIGUEZ was born.

43.    That on May 7, 2004 STEPHANIE RODRIGUEZ was injured.

44.    That on May 10, 2004 STEPHANIE RODRIGUEZ died.

45.    That the aforesaid death was a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendants.

46.    That STEPHANIE RODRIGUEZ left surviving heirs and next of kin.

47.    That STEPHANIE RODRIGUEZ'S heirs and next of kin suffered pecuniary loss including loss of society and companionship as a result of the death of STEPHANIE RODRIGUEZ.

48.    That this action is brought pursuant to the Illinois Wrongful Death Statute.

49.    That attached to this Complaint is the affidavit of Plaintiffs' attorney pursuant to 735 ILCS 5/2-622.

50.    That attached to this Complaint is a report from a healthcare provider pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiffs VIVIANA MALDONADO, and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, pray for judgment against the Defendants, HOSPITAL and LOPEZ, and each of

EXHIBIT A

them, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation, plus costs.

## COUNT VI - SURVIVAL ACT

NOW COME the Plaintiffs, VIVIANA MALDONADO, and JORGE RODRIGUEZ, as Co-Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES and complaining of the Defendants, HOSPITAL and LOPEZ, pleading hypothetically and in the alternative hereby state as follows:

1.- 43. Plaintiffs adopt and re-allege paragraphs one (1) through forty-three (43) of Count V of this Complaint as paragraphs one (1) through forty-three (43) of Count VI of this Complaint, as though fully set forth herein.

44. That the aforesaid injuries were the direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants.

45. From the date of her birth to the date of her death STEPHANIE RODRIGUEZ endured pain, suffering and loss of a normal life.

46. That this action is brought pursuant to the Illinois Survival Statute.

47. That attached to this Complaint is the affidavit of Plaintiffs' attorney pursuant to 735 ILCS 5/2-622.

48. That attached to this Complaint is the report of health care provider pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiffs VIVIANA MALDONADO, and JORGE RODRIGUEZ, as Co-Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, pray for

EXHIBIT A

judgment against the Defendants, HOSPITAL and LOPEZ, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation, plus costs.

JEFFREY M. GOLDBERG LAW OFFICES

_Charles L. Cannon_

Charles L. Cannon

**JEFFREY M. GOLDBERG LAW OFFICES**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
(312) 236-4146
Attorney No. 25399

13

EXHIBIT A

STATE OF ILLINOIS    )  
                         ) SS.  
COUNTY OF COOK     )

#25399

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| VIVIANA MALDONADO, and JORGE RODRIGUEZ, as Parents and Next Friends of STEPHANIE RODRIGUEZ, Deceased,<br><br>        Plaintiffs,<br><br>vs.<br><br>MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, ACCESS COMMUNITY HEALTH NETWORK d/b/a HAWTHORNE FAMILY HEALTH CENTER, ADVENTIST HEALTH SYSTEM MIDWEST REGION FOUNDATION, MARLENE O. GREEN, M.D., MARISSA T. CARMODY, M.D., IBRAHAM DOGAN, M.D., PRATIBHA RASTOGI, M.D., CLARA LOPEZ, R.N., and SORROCO MORENO, R.N.,<br><br>        Defendants. | Case No. |

### 2-622 AFFIDAVIT

NOW COMES, JEFFREY M. GOLDBERG, after being duly sworn on oath deposes and states as follows:

1.     That I am an attorney duly licensed in the State of Illinois.

2.     That I am one of the attorneys in the firm representing the Plaintiff in this cause.

3.     That I have had a consultation and review of the facts of this case with a health care professional who I reasonably believe is knowledgeable in the relevant issues involved in this matter; practices in the same area of healthcare that is at issue in this matter; is qualified by experience and demonstrated competence in the subject of this case; and practices and has practiced within the last ten years within the same area of medicine that is of issue in this particular action.

EXHIBIT A

4. That the reviewing health care professional has determined that there is a reasonable and meritorious cause for the filing of this action.

5. That I have concluded based on review of the material and the review with a health care professional that there is a reasonable and meritorious cause for the filing of this action.

FURTHER AFFIANT SAYETH NOT.

_____
Jeffrey M. Goldberg

Subscribed and Sworn to
Before me this ____ day
of _____ 2005

_____
NOTARY PUBLIC

JEFFREY M. GOLDBERG
   LAW OFFICES
Attorneys for Plaintiff
20 North Clark Street, Suite 3100
Chicago, Illinois  60602
(312) 236-4146
Attorney No. 25399

EXHIBIT A

2

James P. Rice, M.D.
4552 E. Mercer Way
Mercer Island, WA 98040-3830

June 7, 2005

Mr. Jeffrey M. Goldberg
Jeffrey M. Goldberg Law Offices
20 North Clark Street
Suite 3100
Chicago, Illinois 60602

RE:     Your Client: Viviana Maldonado and Jorge Rodriguez as Parents and Next
        Friends of Stephanie Rodriguez, Deceased
        Your File Number: 3631

Dear Mr. Goldberg:

I am a physician licensed to practice medicine and I am Board Certified in Obstetrics and
Gynecology. I have practiced in this area for more than ten years. At your request, I
have reviewed the medical records pertaining to the care and treatment of Viviana
Maldonado with regard to her pregnancy and the delivery of her daughter Stephanie.

These records include the following:

Prenatal records for Viviana Maldonado from Hawthorne Family Health Center dated
09/10/03 through 05/26/04; labor and delivery records for Viviana Maldonado from
Mount Sinai Hospital dated 05/06/04 through 05/10/04; fetal heart tone strips for Viviana
Maldonado from Mount Sinai Hospital dated 05/07/04; birth records for Stephanie
Rodriguez from Mount Sinai Hospital dated 05/07/04 through 05/10/04; and autopsy
report for Stephanie Rodriguez from Mount Sinai Hospital dated 05/12/04.

These records indicate medical care provided by the following:

Mount Sinai Hospital Medical Center Chicago; Access Community Health Network d/b/a
Hawthorne Family Health Center; Adventist Health System Midwest Region Foundation;
Marlene Green, M.D.; Marissa T. Carmody, M.D.; Ibraham Dogan, M.D.; and Pratibha
Rastogi, M.D.; and nursing care provided by Mount Sinai's nurses, Clara Lopez, RN; and
Sorroco Moreno, RN.

EXHIBIT A

**Page 2**
**06/07/05**

It is my understanding that the Mount Sinai Medical Center records produced are incomplete despite numerous requests for accurate complete medical records.

Based upon my review of the records produced and reviewed, it is my opinion there is reasonable and meritorious cause to file an action against the following:

Mount Sinai Hospital Medical Center Chicago; Access Community Health Network d/b/a Hawthorne Family Health Center; Adventist Health System Midwest Region Foundation; Marlene Green, M.D.; Marissa T. Carmody, M.D.; Ibraham Dogan, M.D.; and Pratibha Rastogi, M.D.; Clara Lopez, RN; and Sorroco Moreno, RN.

For the medical providers Mount Sinai Hospital Medical Center Chicago; Access Community Health Network d/b/a Hawthorne Family Health Center; Adventist Health System Midwest Region Foundation; Marlene Green, M.D.; Marissa T. Carmody, M.D.; Ibraham Dogan, M.D.; and Pratibha Rastogi, M.D. the basis of this opinion is the following:

1) Failing to correctly access fetal size and pelvic disproportion.

2) Failing to facilitate and perform an appropriate and immediate delivery given the presence of a non-reassuring fetal heart rate pattern.

3) Failing to appropriately monitor the maternal-fetal dyad after the failed vacuum extraction attempt.

Additionally for Marleen Green, M.D. and Ibraham Dogan, M.D., the basis of the opinion is the following:

1) Attempting a vacuum extraction delivery at one plus station in a five foot one inch patient with a forty-seven pound weight gain and a narrow pubic arch.

Additionally, for the nursing providers of Mount Sinai Hospital Medical Center Chicago, Clara Lopez, RN and Sorroco Moreno, RN, the basis of this opinion is the following:

1) Failing to recognize non-reassuring fetal heart rate pattern and institute appropriate nursing measures in light of the non-reassuring pattern.

2) Failing to notify appropriate medical staff to assist in an operative delivery.

3) Failing to appropriately monitor the maternal-fetal dyad after the failed vacuum extraction attempt.

EXHIBIT A

**Page 3**
**06/07/05**

It is my opinion, to a reasonable degree of medical certainty, these deviations were the proximate cause of Stephanie Rodriguez's injuries sustained on May 7, 2004 and death on May 10, 2004.

Should you have any further questions regarding this matter, please feel free to contact me at your convenience.

Very truly yours,

James P. Rice, M.D.

EXHIBIT A



DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the General Counsel
General Law Division

330 Independence Avenue, S.W.
Rm. 4760 Wilbur J. Cohen Federal Building
Washington, DC 20201

JUL -7 2008

CERTIFIED—RETURN
RECEIPT REQUESTED

Jeffrey M. Goldberg, Esquire
Jeffrey M. Goldberg Law Offices
20 North Clark Street
Suite 3100
Chicago, Illinois 60602

JUL 1 1 2008

Re:     Administrative Tort Claim of Jorge Rodriguez and Viviana Maldonado,
         individually and on behalf of Stephanie Rodriguez
         Claim No.  05-0375
         Your File No. 203631

Dear Mr. Goldberg:

On behalf of your clients, Jorge Rodriguez and Viviana Maldonado, individually and on behalf of
Stephanie Rodriguez, you filed an administrative claim under the Federal Tort Claims Act, 28
U.S.C. §§ 2671-2680 ("FTCA"), pertaining to medical treatment rendered to Stephanie
Rodriguez on May 7, 2004, at Mt. Sinai Medical Center in Chicago, Illinois.

The FTCA authorizes the settlement of any claim of money damages against the United States
for, *inter alia*, injury or death caused by the negligent or wrongful act or omission of any
employee of the Federal Government, while acting within the scope of employment, such that the
United States, if a private person, would be liable to the claimant in accordance with the law of
the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination on this claim, as required by 28 U.S.C.
§§ 2401(b), 2675(a).  The administrative tort claim of Jorge Rodriguez and Viviana Maldonado,
individually and on behalf of Stephanie Rodriguez is, denied.  If your clients are dissatisfied with
this determination, they are entitled to:

1.    file a written request with the agency for reconsideration of the final
       determination denying the claim within six (6) months from the date of
       mailing of this determination (28 C.F.R.§ 14.9); or

2.    file suit against the United States in the appropriate federal district court
       within six (6) months from the date of mailing of this determination (28
       U.S.C. § 2401(b)).

EXHIBIT A

In the event they request reconsideration, the agency will review the claim within six (6) months from the date the request is received. If the reconsideration claim is denied, they may file suit within six (6) months from the date of mailing of the final determination.

Sincerely yours,

Lisa Barsoomian ( by RS)

Lisa Barsoomian
Deputy Associate General Counsel
Claims and Employment Law Branch

EXHIBIT A

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the Fourth Amended Complaint at Law in *Viviana Maldonado, et al. v. Mount Sinai Hospital Medical Center, et al.*, No. 2005 L 1091 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the Access Community Health Network d/b/a Hawthorne Family Health Center was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Marlene Green, M.D., was acting within the scope of her employment at the Access Community Health Network d/b/a Hawthorne Family Health Center with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, the Access Community Health Network d/b/a Hawthorne Family Health Center and Marlene Green, M.D., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
for the Northern District of Illinois

Date: October 27, 2008

EXHIBIT B