STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

#25399
FILED
2008 SEP 25 AM 2: 24

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

VIVIANA MALDONADO, and JORGE )
RODRIGUEZ, Individually and )
as Co-Special Administrators and )
Co-Special Representatives of the Estate of )
STEPHANIE RODRIGUEZ, Deceased, )
)
Plaintiffs, )
) Case No. 05 L 001091
vs. )
)
MOUNT SINAI HOSPITAL MEDICAL )
CENTER OF CHICAGO; ACCESS )
COMMUNITY HEALTH NETWORK d/b/a )
HAWTHORNE FAMILY HEALTH )
CENTER; THE UNITED STATES OF )
AMERICA; MARLENE O. GREEN, M.D.; )
IBRAHAM DOGAN, M.D. and CLARA )
LOPEZ, R.N.; )
)
Defendants. )

## FOURTH AMENDED COMPLAINT AT LAW

### COUNT I - WRONGFUL DEATH

NOW COME the Plaintiffs, VIVIANA MALDONADO and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES and complaining of the Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO (hereinafter referred to as HOSPITAL), ACCESS COMMUNITY HEALTH NETWORK d/b/a HAWTHORNE FAMILY HEALTH CENTER (hereinafter referred to as ACCESS), THE UNITED STATES OF AMERICA (hereinafter referred to as THE GOVERNMENT), MARLENE O. GREEN, M.D. (hereinafter referred to as GREEN) and

1


EXHIBIT A

IBRAHAM DOGAN, M.D. (hereinafter referred to as DOGAN), pleading hypothetically and in the alternative hereby state as follows:

1. That on May 7, 2004 and at all times pertinent hereto, Defendant HOSPITAL was a Corporation doing business in the City of Chicago, operating a general hospital providing medical and related services.

2. That at all times pertinent hereto, Defendant HOSPITAL had on its staff various physicians and nurses for the purposes of providing medical and related services.

3. That at all times pertinent hereto, Defendant HOSPITAL had a residency program providing training to obstetrics and gynecology residents.

4. That at all times pertinent hereto, Defendant ACCESS was a health network operating the Access Family Health Center in the City of Chicago, State of Illinois.

5. That at all times pertinent hereto, Defendant ACCESS had on its staff various physicians for the purposes of providing medical and related services.

6. That at all times pertinent hereto, Defendant ACCESS was a private entity receiving federal grant money and a deemed employee of Defendant THE GOVERNMENT.

7. That at all times pertinent hereto, Defendant ACCESS was acting within the course and scope of its employment of Defendant THE GOVERNMENT.

8. That at all times pertinent hereto, Defendant, GREEN was a physician duly licensed within the State of Illinois.

9. That at all time pertinent hereto, Defendant GREEN was a board-certified obstetrician/gynecologist.

10. That at all times pertinent hereto, Defendant GREEN was an agent of Defendant HOSPITAL.

EXHIBIT A

11. That at all times pertinent hereto, Defendant GREEN was acting within the course and scope of her employment as an agent of Defendant HOSPITAL.

12. That at all times pertinent hereto, Defendant GREEN was an employee of Defendant ACCESS.

13. That at all times pertinent hereto, Defendant GREEN was acting within the course and scope of her employement with Defendant ACCESS.

14. That at all times pertinent hereto, Defendant GREEN was a deemed employee of Defendant THE GOVERNMENT.

15. That at all times pertinent hereto, Defendant GREEN was acting within the course and scope of her employment of Defendant THE GOVERNMENT.

16. That at all times pertinent hereto, GREEN was an attending physician at HOSPITAL.

17. That as an attending physician at HOSPITAL, GREEN was responsible for training residents.

18. That as an attending physician at HOSPITAL, GREEN trained resident Defendant DOGAN.

20. That as an attending physician at HOSPITAL, GREEN was responsible for overseeing residents.

21. That as an attending physician at HOSPITAL, GREEN oversaw resident Defendant DOGAN.

23. That as an attending physician at HOSPITAL, GREEN was responsbile for supervising residents.

24. That as an attending physician at HOSPITAL, GREEN supervised resident Defendant DOGAN.

EXHIBIT A

25. That as an attending physician at HOSPITAL, GREEN was responsbile for the actions and inactions of residents under her supervision.

26. That as an attending physician at Hosptial, GREEN was responsible for the actions and inactions of resident Defendant DOGAN.

27. That at all times pertinent hereto, Defendant DOGAN was a physician duly licensed within the State of Illinois.

28. That at all times pertinent hereto, Defendant DOGAN was an obstetrics and gynecology resident.

29. That at all times pertinent hereto, Defendant DOGAN was an employee and/or agent of Defendant HOSPITAL.

30. That at all times pertinent hereto, Defendant DOGAN was acting within the course and scope of his employment and/or agency with Defendant HOSPITAL.

31. That at all times pertinent hereto, Defendant CLARA LOPEZ, R.N. (hereinafter referred to as LOPEZ) was a registered nurse licensed within the State of Illinois.

32. That at all times pertinent hereto, Defendant LOPEZ was an employee and/or agent of Defendant HOSPITAL.

33. That at all times pertinent hereto, Defendant LOPEZ was acting within the course and scope of her employment and/or agency on behalf of Defendant HOSPITAL.

34. That on May 7, 2004, VIVIANA MALDONADO was pregnant.

35. That on May 7, 2004, Plaintiff VIVIANA MALDONADO entered Defendant HOSPITAL for the purpose of delivering her child, STEPHANIE RODRIGUEZ.

36. That during the course of the aforementioned hospitalization, Plaintiff VIVIANA MALDONADO was examined by Defendant DOGAN.

4

EXHIBIT A

37. That during the course of the aforementioned hospitalization, Plaintiff VIVIANA MALDONADO was provided medical treatment by Defendant DOGAN.

38. That during the course of the aforementioned hospitalization, Plaintiff VIVIANA MALDONADO was examined by Defendant GREEN.

39. That during the course of the aforementioned hospitalization, Plaintiff VIVIANA MALDONADO was provided medical treatment by Defendant GREEN.

40. That during the course of the aforementioned hospitalization, Plaintiff VIVIANA MALDONADO received nursing care and attention from Defendant LOPEZ.

41. That the Defendants, HOSPITAL, ACCESS, THE GOVERNMENT, GREEN and DOGAN were then and there guilty of one or more of the following acts and/or omissions:

   a. Failed to correctly assess fetal size and pelvic disproportion;

   b. Failed to facilitate an appropriate immediate delivery in the presence of a non-reassuring fetal heart rate pattern;

   c. Attempted a vacuum extraction delivery at one plus station in a 5-feet-one-inch patient with a forty-seven pound weight gain and a narrow pubic arch;

   d. Failed to appropriately monitor the maternal-fetal dyad after the failed vacuum extraction attempt.

42. That on May 7, 2004 STEPHANIE RODRIGUEZ was born.

43. That on May 7, 2004 STEPHANIE RODRIGUEZ was injured.

44. That on May 10, 2004 STEPHANIE RODRIGUEZ died.

45. That the aforesaid death was a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants.

46. That STEPHANIE RODRIGUEZ left surviving heirs and next of kin.

47. That STEPHANIE RODRIGUEZ'S heirs and next of kin suffered pecuniary loss including loss of society and companionship as a result of the death of STEPHANIE RODRIGUEZ.

EXHIBIT A

48. That this action is brought pursuant to the Illinois Wrongful Death Statute.

49. That attached to this Complaint is the affidavit of Plaintiffs' attorney pursuant to 735 ILCS 5/2-622.

50. That attached to this Complaint is a report from a healthcare provider pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiffs VIVIANA MALDONADO and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, pray for judgment against the Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK d/b/a HAWTHORNE FAMILY HEALTH CENTER; THE UNITED STATES OF AMERICA; MARLENE O. GREEN, M.D. and IBRAHAM DOGAN, M.D., and each of them, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation, plus costs.

## COUNT II – SURVIVAL ACTION

NOW COME the Plaintiffs, VIVIANA MALDONADO and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES and complaining of the Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO (hereinafter referred to as HOSPITAL); ACCESS COMMUNITY HEALTH NETWORK d/b/a HAWTHORNE FAMILY HEALTH CENTER (hereinafter referred to as ACCESS); THE UNITED STATES OF AMERICA (hereinafter referred to as THE GOVERNMENT); MARLENE O. GREEN, M.D. (hereinafter referred to as GREEN), and

IBRAHAM DOGAN, M.D. (hereinafter referred to as DOGAN), pleading hypothetically and in the alternative hereby state as follows:

1. – 43. Plaintiffs adopt and re-allege paragraphs one (1) through forty-three (43) of Count I of this Complaint as paragraphs one (1) through forty-three (43) of Count II of this Complaint, as though fully set forth herein.

44. That the aforesaid injuries were the direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants.

45. From the date of her birth to the date of her death STEPHANIE RODRIGUEZ endured pain, suffering and loss of a normal life.

46. That this action is brought pursuant to the Illinois Survival Statute.

47. That attached to this Complaint is the affidavit of Plaintiffs' attorney pursuant to 735 ILCS 5/2-622.

48. That attached to this Complaint is the report of a health care provider pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiffs VIVIANA MALDONADO and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, pray for judgment against the Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK d/b/a HAWTHORNE FAMILY HEALTH CENTER; THE UNITED STATES OF AMERICA; MARLENE O. GREEN, M.D. and IBRAHAM DOGAN, M.D., and each of them, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation, plus costs.

EXHIBIT A

## COUNT III – WRONGFUL DEATH

NOW COME the Plaintiffs, VIVIANA MALDONADO, and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES and complaining of the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO (hereinafter referred to as HOSPITAL), pleading hypothetically and in the alternative hereby state as follows:

1. – 40. Plaintiffs adopt and re-allege paragraphs one (1) through forty (40) of Count I of this Complaint as paragraphs one (1) through forty (40) of Count III of this Complaint, as though fully set forth herein.

41. That the Defendant HOSPITAL was then and there guilty of one or more of the following additional acts and/or omissions:

    a. Failed to properly train residents, including DOGAN;

    b. Failed to properly oversee residents, including DOGAN; and

    c. Failed to properly supervise residents, including DOGAN.

42. That on May 7, 2004 STEPHANIE RODRIGUEZ was born.

43. That on May 7, 2004 STEPHANIE RODRIGUEZ was injured.

44. That on May 10, 2004 STEPHANIE RODRIGUEZ died.

45. That the aforesaid death was a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants.

46. That STEPHANIE RODRIGUEZ left surviving heirs and next of kin.

47. That STEPHANIE RODRIGUEZ'S heirs and next of kin suffered pecuniary loss including loss of society and companionship as a result of the death of STEPHANIE RODRIGUEZ.

48. That this action is brought pursuant to the Illinois Wrongful Death Statute.

49. That attached to this Complaint is the affidavit of Plaintiffs' attorney pursuant to 735 ILCS 5/2-622.

50. That attached to this Complaint is a report from a healthcare provider pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiffs VIVIANA MALDONADO and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, pray for judgment against the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation, plus costs.

## COUNT IV – SURVIVAL ACTION

NOW COME the Plaintiffs, VIVIANA MALDONADO, and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES and complaining of the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO (hereinafter referred to as HOSPITAL), pleading hypothetically and in the alternative hereby state as follows:

1. – 43. Plaintiffs adopt and re-allege paragraphs one (1) through forty-three (43) of Count III of this Complaint as paragraphs one (1) through forty-three (43) of Count IV of this Complaint, as though fully set forth herein.

44. That the aforesaid injuries were the direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants.

9                                                                                          EXHIBIT A

45. From the date of her birth to the date of her death STEPHANIE RODRIGUEZ endured pain, suffering and loss of a normal life.

46. That this action is brought pursuant to the Illinois Survival Statute.

47. That attached to this Complaint is the affidavit of Plaintiffs' attorney pursuant to 735 ILCS 5/2-622.

48. That attached to this Complaint is the report of a health care provider pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiffs VIVIANA MALDONADO and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, pray for judgment against the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation, plus costs.

## COUNT V - WRONGFUL DEATH

NOW COME the Plaintiffs, VIVIANA MALDONADO and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES and complaining of the Defendants, HOSPITAL and LOPEZ, pleading hypothetically and in the alternative hereby state as follows:

1. - 40. Plaintiffs adopt and re-allege paragraphs one (1) through forty (40) of Count I of this Complaint as paragraphs one (1) through forty (40) of Count V of this Complaint, as though fully set forth herein.

41. That the Defendants HOSPITAL and LOPEZ, and each of them, were then and there guilty of one or more of the following acts and/or omissions:

   a. Failed to recognize a non-reassuring fetal heart rate pattern and institute appropriate nursing measures;

   b. Failed to notify appropriate medical staff to assist in an operative delivery;

   c. Failed to appropriately monitor the maternal-fetal dyad after the failed vacuum extraction attempt.

42. That on May 7, 2004 STEPHANIE RODRIGUEZ was born.

43. That on May 7, 2004 STEPHANIE RODRIGUEZ was injured.

44. That on May 10, 2004 STEPHANIE RODRIGUEZ died.

45. That the aforesaid death was a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendants.

46. That STEPHANIE RODRIGUEZ left surviving heirs and next of kin.

47. That STEPHANIE RODRIGUEZ'S heirs and next of kin suffered pecuniary loss including loss of society and companionship as a result of the death of STEPHANIE RODRIGUEZ.

48. That this action is brought pursuant to the Illinois Wrongful Death Statute.

49. That attached to this Complaint is the affidavit of Plaintiffs' attorney pursuant to 735 ILCS 5/2-622.

50. That attached to this Complaint is a report from a healthcare provider pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiffs VIVIANA MALDONADO, and JORGE RODRIGUEZ, as Co-Special Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, pray for judgment against the Defendants, HOSPITAL and LOPEZ, and each of

11                                                                    EXHIBIT A

them, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation, plus costs.

## COUNT VI - SURVIVAL ACT

NOW COME the Plaintiffs, VIVIANA MALDONADO, and JORGE RODRIGUEZ, as Co-Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES and complaining of the Defendants, HOSPITAL and LOPEZ, pleading hypothetically and in the alternative hereby state as follows:

1.- 43. Plaintiffs adopt and re-allege paragraphs one (1) through forty-three (43) of Count V of this Complaint as paragraphs one (1) through forty-three (43) of Count VI of this Complaint, as though fully set forth herein.

44. That the aforesaid injuries were the direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants.

45. From the date of her birth to the date of her death STEPHANIE RODRIGUEZ endured pain, suffering and loss of a normal life.

46. That this action is brought pursuant to the Illinois Survival Statute.

47. That attached to this Complaint is the affidavit of Plaintiffs' attorney pursuant to 735 ILCS 5/2-622.

48. That attached to this Complaint is the report of health care provider pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiffs VIVIANA MALDONADO, and JORGE RODRIGUEZ, as Co-Administrators and Co-Special Representatives of the Estate of STEPHANIE RODRIGUEZ, Deceased, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, pray for

judgment against the Defendants, HOSPITAL and LOPEZ, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation, plus costs.

JEFFREY M. GOLDBERG LAW OFFICES

*Charles L. Cannon*

Charles L. Cannon

JEFFREY M. GOLDBERG LAW OFFICES
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
(312) 236-4146
Attorney No. 25399